10660.

TILL v. HAMILTON RIDGE LUMBER CORPORATION

(108 S. E. 89)

MASTER AND SERVANT—NEGLIGENCE QUESTION FOR JURY.—In an action for the death of plaintiff's intestate, a servant of defendant, the question is for the jury, where plaintiff's evidence tended to establish all the material averments of negligence, and defendant's evidence tended to disprove that of plaintiff and to show that the servant assumed the risk of injury.

Before DeVore, J., Hampton, February, 1921. Appeal dismissed.

Action by Mrs. Lizzie Till as administratrix of the estate of John D. Till, deceased, against Hamilton Ridge Lumber Corporation and R. G. Wiggins. From judgment for plaintiff against the Corporation it appeals.

*Mr. Randolph Murdaugh,* for appellant, cites: *Obvious danger*: 36 N. E. 789 (Mass.). *Deceased adopted an unsafe way where there was a safe way and assumed the risk*: 104 S. C. 451; 86 S. E. 69; 72 S. C. 346; 80 S. C. 232; 89 S. C. 505.

*Messrs. W. D. Connor* and *Holman & Boulware,* for respondent. *No citations.*

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for actual and punitive damages, alleged to have been sustained on account of the negligence and recklessness of the defendant, thereby causing the death of plaintiff's husband.

The allegations of the complaint material to the questions involved are as follows:

"That on the 2d day of July, 1919, the said John D. Till was employed by the defendant, Hamilton Ridge Lumber

Corporation, at its mill in Estill, S. C., in the capacity of carpenter, which was the trade and calling of the said John D. Till; that on the said day the defendants changed the work of the said John D. Till from his occupation as a carpenter and put him to work as assistant millwright at the said plant; that shortly after going to work as assistant millwright at said mill on the following morning, July 3, 1919, while the said John D. Till was dressing a pulley on which a belt was running, pursuant to the instructions from the defendant and in the line of his work and duty as assistant millwright, the said belt caught the sleeve of his shirt, or his arm, or hand, and jerked the same in between the belt and the pulley on which it was running and jerked the said John D. Till up against the framework supporting the said pulley so violently that he was thereby fatally injured, resulting in his death at about 7 p. m. on the following day, July 4, 1919; that the said John D. Till came to his death as above stated by reason of the fact that the said belt which caught his sleeve, arm, or hand as aforesaid was improperly fastened together, in that the ends thereof did not meet each other squarely and evenly, but was so put together that on each side of the belt, at the point where the ends were joined together, the belt projected out far enough for the exposed end to catch things with which it came in contact and carry them along with it to and around the said pulley, and the said belt was thus rendered a dangerous and unreasonably unsafe and unsuitable appliance, or a dangerous and unreasonably unsafe place for the said John D. Till to work in."

The defendant denied the allegations of the complaint and set up the defenses of contributory negligence and assumption of risk.

The jury rendered a verdict in favor of the plaintiff for $6,000 actual damages, and the defendant appealed upon the following exceptions:

"(1) Because his Honor erred in refusing defendant's motion for a nonsuit or directed verdict on the ground that there was no evidence of negligence on the part of the defendant operating as a proximate cause of the injury complained of.

"(2) Because his Honor erred in refusing defendant's motion for a nonsuit or directed verdict on the ground that the deceased, John D. Till, was negligent, and that his negligence contributed as a proximate cause of the injury complained of.

"(3) Because his Honor erred in refusing defendant's motion for a nonsuit or directed verdict, on the ground that the evidence admitted of no other conclusion than that the deceased, John D. Till, assumed the risk from which the injury resulted."

The testimony in behalf of the plaintiff tended to sustain every material allegation of the complaint. On the other hand, the testimony introduced by the defendant tended to disprove the plaintiff's testimony, and to show that the plaintiff's husband contributed to his own injury, and that he assumed the risks incident to his employment.

Under such circumstances, the facts were properly submitted to the jury.

Appeal dismissed.